UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT E. PERCY as Class Representative and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, <br><br> *Plaintiff,* <br><br> -against- <br><br><br> ORISKA CORP GENERAL CONTRACTING, <br><br> *Employer Defendant* | COMPLAINT <br><br> CASE NO. <br><br> 20-6131 |

TO THE ABOVE NAMED DEFENDANT:

The Plaintiffs, ALBERT E. PERCY as Class Representative and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit by their attorney, James M. Kernan of the Kernan Professional Group, LLP, states as follows:

## I. NATURE OF THIS ACTION

1. .This action against Oriska Corporation General Contracting, ("Employer"), involves liability of the Employer for unlawful employment practices of discrimination based on Plaintiffs' ability to meet their burden of production and persuasion proving that Plaintiffs demonstrated that there was a less discriminatory alternative method of employment practice ("Alternative Employment Practice"). Plaintiffs make the demonstration in accordance with the law as it existed on June 4, 1989 with respect to an Alternative Employment Practice, described in subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The Defendant respondent has refused to adopt such Alternative Employment Practice without valid justification, violating 42 U.S.C. § 2000e-2 of the Civil Rights Act of 1964 as amended in 1991.

2. In addition, this action is for breach of contract brought by the Percy Class as third-party beneficiaries for violating conditions of contracts, including but not limited to Executive Order 11246 ("EO 11246").

**Precedent, Authority and Jurisdiction**

3. This action is grounded on the record in US SDNY Case 73-cv-04279, the case file archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National Archives in New York City, returned upon the request on behalf of Plaintiffs, and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals 17-2273.

4. A lead action (attached hereto as Exhibit "A") will be filed in the US Federal Court for the Eastern District of New York against defendant State of New York for failure of settlement involving New York State Executive Order 45 (9 NYCRR 3.45) ("EO 45"). That action is grounded upon the final and enforceable Memorandum/Order ("Memorandum/Order") of Judge Lasker reported at 384 F Supp 800 of November 8, 1974, settled by agreement accepting Defendant New York State's offer of EO 45. The problem is that EO 45 failed and the Percy Class was never notified [Exhibit "A" - XII DEFENDANT GOVERNOR OF THE STATE OF NEW YORK AND DEFENDANT STATE OFFERED A SETTLEMENT OF PERCY V. BRENNAN IN CASE 73-CV-04279 THAT IS UNENFORCEABLE AND FAILED paragraphs 218 – 224.

5. Liability is for violation of 42 U.S.C. §§2000e-2, rights secured to the Percy Class as the Complaining Party, liability of the Employer under the 5th and 14th Amendments to the United States Constitution, 42 U.S.C. §§§§ 2000e-2, 1981, 1983, 1985, and United States EO 11246 for breach of contract where such Employer has breached contractual conditions requiring compliance with Presidential Executive Order 11246 by failing to affirmatively provide equal employment opportunity to members of the Percy Class as third-party beneficiaries to contracts with Employers, contracts funded from federal funding requiring compliance with the Civil Rights Act, regulations, laws and US constitutional provisions recited in EO 11246. Members of the Percy Class are beneficiaries specifically identified in contracts as conditions and

obligations where Federal Funding is involved. These conditions of contracts specify compliance with EO 11246.

6. The Alternative Employment Practice under the Civil Rights Act of 1964, and specifically 42 USCA §2000e-2 and §2000d as amended in 1991 (the "Civil Rights Act"), is delivered with workers' compensation coverage. All employment is required to be covered by workers' compensation. Along with the payment of benefits to cover injury and death while on-the-job as required in under New York Workers' Compensation Law §10, workers' compensation coverage also includes safety training and loss control management.

7. Using workers' compensation coverage as the delivery method for the Alternative Employment Practice to provide apprenticeship for new hires and continuing education for existing employees, the practice provides skills to educate workers to competently and safely perform work, protect themselves and people with whom they come into contact. Too long employees have struggled without being provided the skills necessary to protect themselves and the communities they serve, including the general public with whom they come in contact.

8. The Percy Program established apprenticeship programs as an Alternative Employment Practice to be provided with workers' compensation insurance coverage as part of safety management and loss control. All employment is covered by workers' compensation insurance. The Alternative Employment Practice set forth at Exhibit "A" - XI. ALTERNATIVE EMPLOYMENT PRACTICE" paragraphs 153 – 218, XVI. THE PERCY PROGRAM, paragraphs 241 – 274, XVII. COMPONENTS OF PERCY PROGRAM paragraphs 275 – 276, XVIII. REGULATORY APPROVALS OF PERCY PROGRAM paragraph 277 – 280, incorporates apprentice training into the workers' compensation loss control and safety training of employees, by enrolling new entrants to the workforce to work alongside existing journeypersons, growing the depth of skilled workers, skilled workers whose ranks are being diminished through age and attrition. The workers' compensation carrier subsidizes the apprenticeship programs by recognizing the savings in reduction of losses which reduces the exposures and liabilities of the claims required to be paid by the workers' compensation

insurance carrier. The Alternative Employment Practice is delivered as a function of safety and loss control management with workers' compensation through paid on-the-job apprentice training and continuing education involving apprentice training under the Fitzgerald Act (29 U.S.C. §50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Bureau of Apprenticeship and Training (BAT) and C.F.R. T. 29, Subt. A, Pt. 29 and Pt. 30, made a part of workers' compensation coverage required of all employment.

9. Although the Employers are not named in the original Percy v. Brennan case, Case 73-cv-04279. reported at 384 F Supp 800 of November 8, 1974, the Employers in fact are required to provide real affirmative action.

10. The Percy Class has been constantly denied access to apprenticeship to gain skills to compete for employment, entitling the Percy Class to actual damages for lost wages, for lost opportunity compensation, damages also affecting members of the Percy Classes' children and families, significantly disadvantaged in education and skills, struggling to get a job.

## II.   VENUE

11. The basis of the venue in the United States Federal Court for the Eastern District of New York is because a substantial part of the events giving rise to the claims made herein occurred in the Eastern District of New York, Albert E. Percy resides in the Eastern District of New York, and Plaintiff Percy Class is predominately situated in the Eastern District of New York.

## III.   PARTIES

**PLAINTIFFS:**

12. Plaintiff Albert E. Percy, ("Percy") certified as the class representative of the certified class by Judge Lasker in the Memorandum/Order at 384 F Supp 800, page 811 [S.D.N.Y. 1974] in Case 73-cv-04279, the Class certified in Percy v. Brennan, Federal District Court SDNY Case 73-cv-04279, reported at 384 F. Supp 800, at Page 808, docketed in US 2nd Circuit Court of Appeals appeal No. 17-2273 Docket #97 page 0003 and Docket #99 page 640, (the "Percy Class") is fully capable of learning to perform and/or performing skilled occupations as apprentices and journeypersons. Percy, as the Complaining Party, a member of the Percy Class, was denied equal

employment opportunities, and remains a proper representative of the Percy Class. Percy's personal and business interests and the claims hereinafter set forth are fully aligned with those of the Class.

13. Standing was found by the Lasker Court in its Memorandum/Order stating the Percy Class has alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions" citing "Baker v Carr (369 US 186, 204, 82 S Ct 691, 703, 7 L Ed 2d 663 [1962]); (see Flast v Cohen, 392 US 83, 101, 88 S Ct 1942, 20 L Ed 2d 947 [1968])". In Percy v. Brennan, black and Spanish-surnamed workers were alleged to "have been and continue to be denied employment in the New York construction industry, demonstrating the Percy Class continues to have a personal stake", 384 F Supp 800, page 808 [S.D.N.Y. 1974], 17-2273, Docket #99, Appendix 1, Volume 3, page 684.

14. The Memorandum/Order of Judge Lasker in the Percy Action, Percy v. Brennan, 384 F. Supp. 800, (S.D.N.Y. 1974), page 811 in 17-2273, Docket #99, Appendix 1, Volume 3, page 660, granted Plaintiffs motion to be maintained as a class and found standing to seek relief for the enforcement of EO 11246, as a class of persons that EO 11246 was designed to protect from injuries resulting from racial discrimination within the protections of the Fifth and Fourteenth Amendments to the Constitution, 42 USC 1981, and has met the requirements of subdivisions 2 and 3 of FRCP 23. See also, Docket #99, Appendix 1, Volume 3, page 653 in 17-2273.

15. The Class defined and certified by Judge Lasker in Case 73-cv-04279 was "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions that are members of the Defendant Building and Construction Trades Council of Greater New York" with Plaintiff Albert Percy designated as the Class Representative (384 F Supp 800, at page 811 and also at 17-2273, Docket #99, Appendix 1, Volume 3, Page 660).

16. The Order certifying the Class in Case 73-cv-04279 is at 17-2273 Docket 97, Appendix 1, Volume 3 of 3, page 640

17. Plaintiff Percy Jobs and Careers Corporation is an Internal Revenue Code 501(c)(3) non-profit managing apprentice training at the Maritime College State University Of New York, PO Box 351, 6 Pennyfield Ave, Bronx, NY 10465.

**DEFENDANT:**

18. Defendant Employer, ORISKA CORP GENERAL CONTRACTING is a foreign business corporation incorporated in the State of Florida, authorized to do business in the State of New York with offices in the State of New York.

### IV.   NUMEROSITY

19. The number of members of the Percy Class are essentially unenumerable but are not indeterminate as certified in the Percy v. Brennan action Case 73-cv-04279 being enforced here.

20. The Class defined and certified by Judge Lasker, as all black and Spanish surnamed persons residing in and about the City of New York is an extremely large and unwieldy class. To identify the Class, Percy counsel has caused to be sent out long overdue Notices of Settlement as Notices of Enforcement of the Settlement of [Percy v. Brennan Case 73-cv-04279.

21. Included in the mailing was a Notice of Enforcement Action to the Class of enforcement of the Percy v. Brennan Settlement in Case 73-cv-04279 and the Alternative Employment Practice demonstrated to and urged that the Employer Defendants adopt.

22. This identification is to provide specificity of the members of the Percy Class who would be entitled to relief.

### V.   COMMON ISSUES OF LAW AND FACT

23. The issues of law and fact determining the claims of the Percy Class, that the actions of the Defendant State and its DFS and the Employers named in this action, have caused, are causing, and will continue to cause serious, permanent and irreparable economic and social injury and damage to the Percy Class, are common to all members of the Class.

24. The common issues of law and fact must be determined in order to fashion an appropriate equitable remedy and provide equitable relief for the benefit of the Percy Class.

## VI. JUDICIAL ECONOMY

25. This action avoids the prosecution of separate actions by multiplicity of actions involving the same individual members of the Percy Class and the same Owners which would create a likelihood of inconsistent or varying adjudications with respect to individual members of the Percy Class.

26. The Defendant Government Agencies, individually and collectively, alone and in concert with other still unidentified parties, cloaking themselves under the color of law, utilized and are still utilizing all the power of their government offices, in capricious and conspiratorial disregard to deny and to inflict damages on the Percy Class without justification. The Percy Class has been denied and deprived of an opportunity to compete effectively within the American free enterprise system and as a result the members of the Percy Class have sustained serious and ongoing damages, and if the wrongdoing of the Defendants is not enjoined and prevented, the chronic damage will continue unabated.

## VII. AS AND FOR A FIRST CAUSE OF ACTION

27. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

28. The Percy Program (paragraphs 241 – 274, paragraphs 275 – 276, and paragraph 275 – 280 of Exhibit "A" prepared for filing in EDNY), presented as the Alternative Employment Practice, is delivered as a function of safety and training with workers' compensation under the covered payroll. The Percy Program is an Alternative Employment Practice, an element of a workers' compensation coverage. Apprenticeship is a function of safety training and loss control management of workers' compensation insurance, apprentices recruited and sponsored through employment or provided through a subcontract with apprentice training under the National Apprenticeship Act of 1937 occurring by three methods: (1) coordinated with joint apprenticeship labor-management counsel involving unions, (2) by sponsorship by an employer, or (3) by sponsorship by a trade association.

29. All employment is required to be covered by workers' compensation. Along with the payment of benefits to cover injury and death while on-the-job as required in under New York Workers' Compensation Law §10, This

Alternative Employment Practice of apprentice training is covered as part of workers' compensation coverage as registered apprenticeship with risk-management, safety training and loss control.

30. The Plaintiff is able to meet its burden of production and persuasion proving that there was a less discriminatory alternative method of employment practice available that the Employer could have adopted, failing to adopt the Alternative Employment Practice without valid justification is an unlawful employment practice violating 42 U.S.C. § 2000e-2(k)(1)(A)(ii) and (k)(1)(C) of the Civil Rights Act of 1964 as amended in 1991.

31. The Alternative Employment Practice answers the need for the Percy Class to obtain competitive skills by utilizing registered apprenticeship meeting the requirements of the Fitzgerald Act (29 U.S.C. § 50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Office of Apprenticeship and Training (BAT) and 29 C.F.R, Subt. A, Pt. 29 and Pt. 30. Apprenticeship is the process of learning a skilled occupation through both on-the-job training (practical, paid experience) and learning the related technical knowledge in a classroom. Candidates must be 18 years old and possess a GED (the Alternative Employment Practice will help a candidate obtain a GED). Enrollment must be done openly under the procedures established by federal and state regulations for Minimum Qualifications Review and Eligibility List Ranking using for: educational achievement, work experience, seniority, job aptitude, oral interview, and general demographic inquiries to determine a score for ranking for eligibility to be enrolled in OJT and continuing education.

32. Plaintiff Percy and the Class he represents are entitled to injunctive relief as demanded and actual damages for lost wages, for lost opportunity and compensation as money damages for the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, entitled to compensation as money damages to be determined at trial in this litigation.

33. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging

8

the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial.

### VIII. AS AND FOR A SECOND CAUSE OF ACTION

34. Upon information and belief, Defendant has accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246.

35. Government Agencies set forth in Exhibit "A" are charged with enforcing EO 11246 and laws as contractual conditions to Federal Funds for public work facilities, and are therefore liable for the foregoing lost wages, lost benefits and lost opportunity to which the Percy Class is entitled as intended beneficiaries.

36. EO 11246 seeks to implement the anti-discrimination program of the Civil Rights Act of 1964 and is directed at all government contractors. Section 2 02(1) of the Order provides: "The contractor will take affirmative action to ensure equal employment opportunity. Such action shall include but not be limited to the following: employment upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship", 30 Fed. Reg. 12, 319 (1965), the "color blind" approach envisioned in EO 11246. 26. §202(1) of EO 11246, 30 Fed. Reg. 12, 319(1965), provides that: The contractor will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin. The contractor will take affirmative action to ensure that applicants are employed, and that employees are treated during employment, without regard to their race, color, religion, sex, or national origin. Such action shall include but not be limited to the following: employment upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship.

37. The necessary elements of a prima facie cause of action for violation of 42 U.S.C. §2000e-2 exists, depriving rights thereunder, secured to the Percy Class as the Complaining Party by the 5th and 14th Amendments to the

United States Constitution, 42 U.S.C. §§§ 1981, 1983, 1985, and such Employer has breached contractual conditions requiring compliance with Presidential Executive Order 11246 ("EO 11246).

38. The Employer has ignored the mandate of United States EO 11246, as well as several other federal regulations specifically identified in the contract, causing and continuing to cause disparate impact discrimination that these statutes, orders, and regulations were designed to remedy.

39. Plaintiff Percy and the Class he represents are entitled to injunctive relief and actual damages for lost wages, for lost opportunity and compensation as money damages for the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, entitled to compensation as money damages to be determined at trial in this litigation.

## IX.   RELIEF

Plaintiffs collectively pray that this Court:

Declare that there must be compliance with EO 11246 and damages must be stopped and rectified;

Award Plaintiffs actual damages for lost wages and benefits and lost opportunity damages to the Percy Class and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial;

Award Plaintiffs liquidated damages to be determined;

Award Plaintiffs pre- and post-judgment interest at the statutory rate;

Award Plaintiffs attorneys' fees, expert fees, costs, and disbursements; and

Award Plaintiffs further and additional relief as this Court deems just and proper.

All together with such other and further relief as shall seem just and proper under the circumstances.

**Pursuant to Fed. R. Civ. P. 39, demand is made for trial by**

**jury on all the issues so triable.**

Dated: December 17, 2020

/s/James M. Kernan

KERNAN PROFESSIONAL GROUP, LLP

James M. Kernan, Esq., of Counsel
Bar Role # JK1242

26 Broadway, 19th Floor,
New York, New York 10004
Phone:(212) 697-9084
Fax (212) 656-1213
jkernan@kernanllp.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT E. PERCY as Class Representative and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit,<br><br>    *Plaintiff,*<br><br>-against-<br><br><br>ORISKA CORP GENERAL CONTRACTING,<br>    *Employer Defendant* | CORPORATE DISCLOSURE STATEMENT<br><br>CASE NO. 20-6131 |

   Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Percy Jobs and Careers Corporation, and the undersigned counsel for Percy Jobs and Careers Corporation, ("PJCC") certifies that there are no parent corporations or publicly-held corporations owning 10% or more of PJCC's common stock.


   Dated: December 17, 2020

/s/James M. Kernan_____

KERNAN PROFESSIONAL GROUP, LLP

James M. Kernan, Esq., of Counsel
Bar Role # JK1242
26 Broadway, 19th Floor,
New York, New York 10004
Phone:(212) 697-9084
Fax (212) 656-1213
jkernan@kernanllp.com

1