JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**DEFENDANTS**

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
FRANK POLICELLI, ESQ.
10 STEUBEN STREET
UTICA, NY 13501, Phone: (315) 793-0020

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1   U.S. Government
Plaintiff
- ❑ 2   U.S. Government
Defendant
- ❑ 3   Federal Question
*(U.S. Government Not a Party)*
- ❑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury  - | ❑ 690 Other | ❑ 423 Withdrawal | ❑ 376 Qui Tam (31 USC |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❑ 140 Negotiable Instrument | Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 368 Asbestos Personal | | ❑ 840 Trademark | ❑ 460 Deportation |
| Student Loans | ❑ 340 Marine | Injury Product | | | ❑ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❑ 345 Marine Product | Liability | | **LABOR** | Corrupt Organizations |
| ❑ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | ❑ 480 Consumer Credit |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | Act | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | Relations | ❑ 864 SSID Title XVI | Exchange |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | ❑ 740 Railway Labor Act | ❑ 865 RSI (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage | ❑ 751 Family and Medical | | ❑ 891 Agricultural Acts |
| | ❑ 362 Personal Injury - | Product Liability | Leave Act | | ❑ 893 Environmental Matters |
| | Medical Malpractice | | ❑ 790 Other Labor Litigation | | ❑ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❑ 870 Taxes (U.S. Plaintiff | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | or Defendant) | ❑ 899 Administrative Procedure |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | Act/Review or Appeal of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| | Other | ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1   Original
Proceeding
- ❑ 2   Removed from
State Court
- ❑ 3   Remanded from
Appellate Court
- ❑ 4   Reinstated or
Reopened
- ❑ 5   Transferred from
Another District
*(specify)*
- ❑ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   x  Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____          DOCKET NUMBER _____

DATE _____          SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

> monetary damages sought are in excess of $150,000, exclusive of interest and costs,

> the complaint seeks injunctive relief,

> the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?          Yes          No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?          Yes          No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?          Yes          No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:_____.

If your answer to question 2 (b) is "No", does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____Yes_____No_____
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

Yes                                    No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

Yes     (If yes, please explain                    No

I certify the accuracy of all information provided above.

**Signature**: _____

ADDENDUM TO CIVIL COVER SHEET

Plaintiff Class brings this action as a plenary action replacing related action Evans vs Port Authority et al 1:15-cv-03942[1], which case was dismissed by District Court Judge Brodie with leave for the plaintiff to replead to address the infirmities in Case 1:15-cv-03942. The plaintiff was unable to replead within the time frame specified by Judge Brodie. After dismissal for failing to have an identifiable class, the class representatives for the original Percy v. Brennan lawsuit were sought. A private investigator found that two class representatives were deceased, the third, Mr. Albert Percy, continues to maintain his residency in Queens, New York at 119-09 232 Street, Cambria Heights, NY 11411-2223, where he owns a residence and is an active registered voter in election district 70 in Queens, also discovering that Mr. Percy spends much of his time in his birthplace of Trinidad/Tobago. Mr. Percy retained the Kernan Professional Group LLP to enforce the Settlement of the Percy Class Action, described below.

It is now necessary to bring a new plenary action, referencing Evans v Port Auth. of NY & New Jersey, EDNY Aug. 8, 2017, No. 15-CV-3942 (MKB)] as a related case[2], footnote 1 reference to Appendix 3, for judicial economy and the related history with Judge Brodie.

This action against employer Oriska Corporation General Contracting, involves liability of the employer for unlawful employment practices of discrimination based on Plaintiffs' ability to meet their burden of production and persuasion proving that Plaintiffs demonstrated that there was a less discriminatory alternative method of employment practice ("Alternative Employment Practice"). Plaintiffs make the demonstration as an Alternative Employment Practice, described in subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The defendant respondent has refused to adopt such Alternative Employment Practice without valid justification, violating 42 U.S.C. § 2000e-2 of the Civil Rights Act of 1964 as amended in 1991. In addition, this action is for breach of contract brought by the Percy Class as third-party beneficiaries for violating conditions of contracts, including but not limited to Executive Order 11246 ("EO 11246").

---

[1] The title of Case 73-cv-04279 has changed pursuant to FRAP 43(c)(2) by order of the Second Circuit Court of Appeals to reflect the changed parties, which was done at Docket #96-104 in 17-2273, replacing public officials where a new person has succeeded them in office.

[2] Three Appendices making up the Record on Appeal, Docket #99: 17-2273 are as follows:

Appendix 1, Volume 1-3, Docket #97-99, contains the documents certified by the National Archives as docketed in the original paper docket, ECF docket entry 1 in the Lower Court for Case 73-cv-04279;

Appendix 2, Volume 1-4, Docket #100-103 contains the remaining documents certified by the National Archives contained in the file for Case 73-cv-04279.

Appendix 3, Volume 1, Docket #104 contains 2017 documents in Case 73-cv-04279 and documents in Case 15-cv-03942 EDNY.

This action is grounded by the Memorandum/Order ("Memorandum/Order") of Judge Lasker issued by the United States District Court for the Southern District of New York Case of Percy v Brennan Case 73-cv-04279, reported at 384 F Supp 800 of November 8, 1974 and set forth in the Docket on Appeal 17-2273 ECF Docket #99, Appendix 1, Volume 3 of 3, page numbered 640[ ], and entered by Order thereon on February 24, 1975 in Case 73-cv-04279, Docket #99, Appendix 1, Volume 3, page 728 ("Order") and closed on May 4, 1977, Docket #99, Volume 3, page 740, the Case 73-cv-04279 settled by agreement to accept Defendant New York State's offer of Executive Order 45 (9 NYCRR 3.45) (EO 45").

The Second Circuit Court of Appeals in Appeal 17-2273 established that Percy v. Brennan Case 73-cv-04279 in the United States District Court for the Southern District of New York, is final[3]. Here, Case 73-cv-04279 is now relied on for certifying the Percy Class, thereby determining the issue of standing and enforceability of EO 11426 and regulations and laws in relation thereto in favor of the Percy Class against the Defendants by collateral estoppel.

Subsequent to Judge Brodie's dismissal of action 1:15-cv-03942, a proceeding was brought to continue Percy v. Brennan Case 73-cv-04279. District Court Judge McMahon ruled that Case 73-cv-04279 was no longer a case and controversy having been closed, and she instructed "If the plaintiffs or any party wishes to file a new case, go right ahead." docket #15 of 73-cv-04279. The Second Circuit Court of Appeals in Appeal 17-2273 affirmed that Percy v. Brennan Case 73-cv-04279, is final[4].

Now, this present Action is based on the record in US SDNY Case 73-cv-04279, the case file archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National archives in New York City, returned upon the request on behalf of Albert Percy, to and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals, reference footnote 1.

This action seeks to enforce the United States District Court for the Southern District of New York Order in the Case of Percy v Brennan Case 73-cv-04279 (the "Percy Action" or "Case 73-cv-04279" or "Percy v. Brennan") reported at (384 F Supp 800 [S.D.N.Y. 1974]), the Memorandum/Order, rendered by Judge Lasker on November 8, 1974 in favor of Percy Class, brought on behalf of

---

[3] **The** United States Second Circuit Court of Appeals in Appeal 17-2273 at docket #95 granted Appellants motion accepting the appendices in an appeal exploring whether Case 73-cv-04279 had been finally determined. The Appeal was dismissed at docket #138 in appeal 17-2273, establishing that the Memorandum/Order and Order were final.

[4] **The** United States Second Circuit Court of Appeals in Appeal 17-2273 at docket #95 granted Appellant's motion accepting the appendices in an appeal exploring whether Case 73-cv-04279 had been finally determined. The Appeal was

disadvantaged persons seeking affirmative action in apprenticeship and employment in the New York.

A copy of the Amended Complaint in Case 73-cv-04279 is at Docket #97, Appendix 1, Volume 1, page 58, Docket 17-2273 in the United States Second Circuit Court of Appeals. The title of Case 73-cv-04279 was changed by the Second Circuit Court of Appeals pursuant to FRAP 43(c)(2) and Plaintiff Percy was ordered to revise all of its printing to reflect this changed title which was done at Docket #96-104 in 17-2273, replacing Rockefeller with Cuomo and Brennan with Scalia, as well as other public officials where a new person has succeeded them in office.

The Memorandum/Order of Judge Lasker in the Percy Action, Percy v. Brennan, 384 F. Supp. 800, (S.D.N.Y. 1974), page 811 in 17-2273, Docket #99, Appendix 1, Volume 3, page 660, granted Plaintiffs motion to be maintained as a class and found standing to seek relief for the enforcement of EO 11246, as a class of persons that EO 11246 was designed to protect from injuries resulting from racial discrimination within the protections of the Fifth and Fourteenth Amendments to the Constitution, 42 USC 1981, and has met the requirements of subdivisions 2 and 3 of FRCP 23. See also, Docket #99, Appendix 1, Volume 3, page 653 in 17-2273.

Standing was found by the Lasker Court in its Memorandum/Order stating the Percy Class has alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions" citing "Baker v Carr (369 US 186, 204, 82 S Ct 691, 703, 7 L Ed 2d 663 [1962]); (see Flast v Cohen, 392 US 83, 101, 88 S Ct 1942, 20 L Ed 2d 947 [1968])". In Percy v. Brennan, black and Spanish-surnamed workers were alleged to "have been and continue to be denied employment in the New York construction industry, demonstrating the Percy Class continues to have a personal stake", 384 F Supp 800, page 808 [S.D.N.Y. 1974], 17-2273, Docket #99, Appendix 1, Volume 3, page 684.

`The Class defined and certified by Judge Lasker in Case 73-cv-04279 was "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions that are members of the Defendant Building and Construction Trades Council of Greater New York" with Plaintiff Albert Percy designated as the Class Representative (384 F Supp 800, at page 811 and also at 17-2273, Docket #99, Appendix 1, Volume 3, Page 660). The Order certifying the Class in Case 73-cv-04279 is at 17-2273 Docket 97, Appendix 1, Volume 3 of 3, page 640, and the final disposition of Case 73-cv-04279 is at Docket 97, Appendix 1, Volume 3 of 3, page 740, respectively.

Nevertheless, the class needed to be identified with specificity. To address this, to identify members of the Class, census records and other data mining methods were used to identify households of Percy Class members. Class counsel sent tens of thousands of letters by first-class mail, had hundreds of telephone calls, sent thousands of emails to specifically identify members of the Percy Class. providing potential members of the Percy Class with a Notice of Enforcement

of Settlement for the relief provided in Case 73-cv-04279. At the same time, Percy has demonstrated its alternative employment practice to thousands of employers also within the greater New York City business community urging the adoption of the Percy Program in order to enable members of the Percy Class to compete for jobs and careers based on skills, not by skin color or ethnicity.

Defendant Oriska Corporation General Contracting is an employer liable for illegal employment practices having failed to adopt the Alternative Employment Practice.

It is respectfully requested that this Case be treated as a related case to Evans vs Port Authority et al 1:15-cv-03942 and that it be transferred to District Court Judge Brody in the Eastern District of New York.

Respectfully submitted,

James M. Kernan, Esq.
Kernan Professional Group, LLP
26 Broadway, 19th Floor
New York, New York 10004
Telephone: (212) 986-3196
Fax: (212) 656-1213
Email: jkernan@kernanllpcom

RELATED CASE STATEMENT

Plaintiff Class brings this action as a plenary action replacing related action Evans vs Port Authority et al 1:15-cv-03942[1], which case was dismissed by District Court Judge Brodie with leave for the plaintiff to replead to address the infirmities in Case 1:15-cv-03942. The plaintiff was unable to replead within the time frame specified by Judge Brodie. After dismissal for failing to have an identifiable class, the class representatives for the original Percy v. Brennan lawsuit were sought. A private investigator found that two class representatives were deceased, the third, Mr. Albert Percy, continues to maintain his residency in Queens, New York at 119-09 232 Street, Cambria Heights, NY 11411-2223, where he owns a residence and is an active registered voter in election district 70 in Queens, also discovering that Mr. Percy spends much of his time in his birthplace of Trinidad/Tobago. Mr. Percy retained the Kernan Professional Group LLP to enforce the Settlement of the Percy Class Action, described below.

It is now necessary to bring a new plenary action, referencing Evans v Port Auth. of NY & New Jersey, EDNY Aug. 8, 2017, No. 15-CV-3942 (MKB)] as a related case[2], footnote 1 reference to Appendix 3, for judicial economy and the related history with Judge Brodie.

This action against employer Oriska Corporation General Contracting, involves liability of the employer for unlawful employment practices of discrimination based on Plaintiffs' ability to meet their burden of production and persuasion proving that Plaintiffs demonstrated that there was a less discriminatory alternative method of employment practice ("Alternative Employment Practice"). Plaintiffs make the demonstration as an Alternative Employment Practice, described in subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The defendant respondent has refused to adopt such Alternative Employment Practice without valid justification, violating 42 U.S.C. § 2000e-2 of the Civil Rights Act of 1964 as amended in 1991. In addition, this action is for breach of contract brought by the Percy Class as third-party

---

[1] The title of Case 73-cv-04279 has changed pursuant to FRAP 43(c)(2) by order of the Second Circuit Court of Appeals to reflect the changed parties, which was done at Docket #96-104 in 17-2273, replacing public officials where a new person has succeeded them in office.

[2] Three Appendices making up the Record on Appeal, Docket #99: 17-2273 are as follows:

Appendix 1, Volume 1-3, Docket #97-99, contains the documents certified by the National Archives as docketed in the original paper docket, ECF docket entry 1 in the Lower Court for Case 73-cv-04279;

Appendix 2, Volume 1-4, Docket #100-103 contains the remaining documents certified by the National Archives contained in the file for Case 73-cv-04279.

Appendix 3, Volume 1, Docket #104 contains 2017 documents in Case 73-cv-04279 and documents in Case 15-cv-03942 EDNY.

beneficiaries for violating conditions of contracts, including but not limited to Executive Order 11246 ("EO 11246").

This action is grounded by the Memorandum/Order ("Memorandum/Order") of Judge Lasker issued by the United States District Court for the Southern District of New York Case of Percy v Brennan Case 73-cv-04279, reported at 384 F Supp 800 of November 8, 1974 and set forth in the Docket on Appeal 17-2273 ECF Docket #99, Appendix 1, Volume 3 of 3, page numbered 640[ ], and entered by Order thereon February 24, 1975 in Case 73-cv-04279, Docket #99, Appendix 1, Volume 3, page 728 ("Order") and closed on May 4, 1977, Docket #99, Volume 3, page 740, the Case 73-cv-04279 settled by agreement to accept Defendant New York State's offer of Executive Order 45 (9 NYCRR 3.45) (EO 45").

The Second Circuit Court of Appeals in Appeal 17-2273 established that Percy v. Brennan Case 73-cv-04279 in the United States District Court for the Southern District of New York, is final[3]. Here, Case 73-cv-04279 is now relied on for certifying the Percy Class, thereby determining the issue of standing and enforceability of EO 11426 and regulations and laws in relation thereto in favor of the Percy Class against the Defendants by collateral estoppel.

Subsequent to Judge Brodie's dismissal of action 1:15-cv-03942, a proceeding was brought to continue Percy v. Brennan Case 73-cv-04279. District Court Judge McMahon ruled that Case 73-cv-04279 was no longer a case and controversy having been closed, and she instructed "If the plaintiffs or any party wishes to file a new case, go right ahead." docket #15 of 73-cv-04279. The Second Circuit Court of Appeals in Appeal 17-2273 affirmed that Percy v. Brennan Case 73-cv-04279, is final[4].

Now, this present Action is based on the record in US SDNY Case 73-cv-04279, the case file archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National archives in New York City, returned upon the request on behalf of Albert Percy, to and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals, reference footnote 1.

This action seeks to enforce the United States District Court for the Southern District of New York Order in the Case of Percy v Brennan Case 73-cv-04279 (the "Percy Action" or "Case 73-cv-04279" or "Percy v. Brennan") reported at (384 F Supp 800 [S.D.N.Y. 1974]), the Memorandum/Order,

---

[3] The United States Second Circuit Court of Appeals in Appeal 17-2273 at docket #95 granted Appellants motion accepting the appendices in an appeal exploring whether Case 73-cv-04279 had been finally determined. The Appeal was dismissed at docket #138 in appeal 17-2273, establishing that the Memorandum/Order and Order were final.

[4] The United States Second Circuit Court of Appeals in Appeal 17-2273 at docket #95 granted Appellant's motion accepting the appendices in an appeal exploring whether Case 73-cv-04279 had been finally determined. The Appeal was

rendered by Judge Lasker on November 8, 1974 in favor of Percy Class, brought on behalf of disadvantaged persons seeking affirmative action in apprenticeship and employment in the New York.

A copy of the Amended Complaint in Case 73-cv-04279 is at Docket #97, Appendix 1, Volume 1, page 58, Docket 17-2273 in the United States Second Circuit Court of Appeals. The title of Case 73-cv-04279 was changed by the Second Circuit Court of Appeals pursuant to FRAP 43(c)(2) and Plaintiff Percy was ordered to revise all of its printing to reflect this changed title which was done at Docket #96-104 in 17-2273, replacing Rockefeller with Cuomo and Brennan with Scalia, as well as other public officials where a new person has succeeded them in office.

The Memorandum/Order of Judge Lasker in the Percy Action, Percy v. Brennan, 384 F. Supp. 800, (S.D.N.Y. 1974), page 811 in 17-2273, Docket #99, Appendix 1, Volume 3, page 660, granted Plaintiffs motion to be maintained as a class and found standing to seek relief for the enforcement of EO 11246, as a class of persons that EO 11246 was designed to protect from injuries resulting from racial discrimination within the protections of the Fifth and Fourteenth Amendments to the Constitution, 42 USC 1981, and has met the requirements of subdivisions 2 and 3 of FRCP 23. See also, Docket #99, Appendix 1, Volume 3, page 653 in 17-2273.

Standing was found by the Lasker Court in its Memorandum/Order stating the Percy Class has alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions" citing "Baker v Carr (369 US 186, 204, 82 S Ct 691, 703, 7 L Ed 2d 663 [1962]); (see Flast v Cohen, 392 US 83, 101, 88 S Ct 1942, 20 L Ed 2d 947 [1968])". In Percy v. Brennan, black and Spanish-surnamed workers were alleged to "have been and continue to be denied employment in the New York construction industry, demonstrating the Percy Class continues to have a personal stake", 384 F Supp 800, page 808 [S.D.N.Y. 1974], 17-2273, Docket #99, Appendix 1, Volume 3, page 684.

`The Class defined and certified by Judge Lasker in Case 73-cv-04279 was "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions that are members of the Defendant Building and Construction Trades Council of Greater New York" with Plaintiff Albert Percy designated as the Class Representative (384 F Supp 800, at page 811 and also at 17-2273, Docket #99, Appendix 1, Volume 3, Page 660). The Order certifying the Class in Case 73-cv-04279 is at 17-2273 Docket 97, Appendix 1, Volume 3 of 3, page 640, and the final disposition of Case 73-cv-04279 is at Docket 97, Appendix 1, Volume 3 of 3, page 740, respectively.

Nevertheless, the class needed to be identified with specificity. To address this, to identify members of the Class, census records and other data mining methods were used to identify households of Percy Class members. Class counsel sent tens of thousands of letters by first-class mail, had hundreds of telephone calls, sent thousands of emails to specifically identify members

of the Percy Class. providing potential members of the Percy Class with a Notice of Enforcement of Settlement for the relief provided in Case 73-cv-04279. At the same time, Percy has demonstrated its alternative employment practice to thousands of employers also within the greater New York City business community urging the adoption of the Percy Program in order to enable members of the Percy Class to compete for jobs and careers based on skills, not by skin color or ethnicity.

Defendant Oriska Corporation General Contracting is an employer liable for illegal employment practices having failed to adopt the Alternative Employment Practice.

It is respectfully requested that this Case be treated as a related case to Evans vs Port Authority et al 1:15-cv-03942 and that it be transferred to District Court Judge Brody in the Eastern District of New York.

Respectfully submitted,

James M. Kernan, Esq.
Kernan Professional Group, LLP
26 Broadway
19th Floor
New York, N.Y. 10004
Phone: 212-986-3196
Fax: 212-656-1213
Email: jkernan@kernanllp.com